**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIGOBERTO TAVERAS,<br><br>*Plaintiff*,<br><br>v.<br><br>ADVANCE AT HOBOKEN, LLC; ADVANCE REALTY; and LEGACY CONSTRUCTION,<br><br>*Defendants*.<br><br>and<br><br>LEGACY CONSTRUCTION,<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>LSTD, LLC d/b/a SSA CONSTRUCTION GROUP,<br><br>*Third-Party Defendant*. | Civil Action No. 17-5603<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

In this personal injury matter, Plaintiff, an employee of a subcontractor, seeks to hold the general contractor liable for injuries he sustained at a construction worksite. This Court recently denied a motion for summary judgment without prejudice by Defendants Advance at Hoboken, LLC, Advance Realty, and Legacy 7 Construction (collectively, "Legacy 7" or "Defendants"). This Court, however, provided the parties with leave to submit additional briefing as to an

unresolved and potentially dispositive fact dispute. The parties submitted this additional briefing.[1] Accordingly, the Court now addresses the outstanding factual dispute and revisits Defendants' motion for summary judgment. The Court considers the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion for summary judgment is **GRANTED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court incorporates the factual discussion from November 10, 2022 Opinion & Order (the "November 10 Opinion") denying the motion for summary judgment into this Opinion. D.E. 114. Briefly, Plaintiff fell from scaffolding at a construction site and sustained injuries. DSOMF ¶ 30. Plaintiff testified that while installing sheetrock, the scaffolding platform came undone and collapsed, causing him to fall backwards. Bongiovanni Decl., Ex. E at 85:5-86:5. Plaintiff filed suit in 2017, asserting negligence claims against Defendants. D.E. 1. Defendants were the general contractor, and retained SSA, Plaintiff's employer,[2] as a subcontractor. DSOMF ¶ 3.

This Court granted Defendants leave to file a motion for summary judgment, D.E. 100, which Defendants filed on April 20, 2022, D.E. 103. In their motion for summary judgment, Defendants argued that as the general contractor, they did not owe a duty to Plaintiff. Defs. Br. at 5-6. As discussed, on November 10, 2022, this Court denied Defendants' motion without prejudice but provided the parties leave to submit additional briefing. D.E. 114. The Court

---

[1] Plaintiff first submitted a letter outlining his theory of liability in the case ("Plf. Ltr."), D.E. 115; Defendants then filed a supplemental brief in support of their motion for summary judgment ("Defs. Supp. Br."), D.E. 116; Plaintiff filed a supplemental brief in opposition to Defendants' motion ("Plf. Supp. Opp."), D.E. 119; and Defendants filed a supplemental reply ("Defs. Supp. Reply"), D.E. 120. For this Opinion, the Court also relied on the parties' briefing and the factual record submitted with Defendants' motion for summary judgment.

[2] As discussed in the November 10 Opinion, Plaintiff takes inconsistent positions as to whether he was an SSA employee, but this dispute is not material. Nov. 10 Opinion at 2 n.2.

discusses relevant portions of the November 10 Opinion and the parties' supplemental briefing below.

## II. SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify

specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

### III.   ANALYSIS

In the November 10 Opinion, this Court explained that Plaintiff's theory of negligence was unclear, and that Plaintiff's theory may impact whether a factual dispute amounted to genuine dispute of material fact. Nov. 10 Opinion at 9-10. Therefore, the Court first requested that Plaintiff submit a letter setting forth his theory of negligence. The Court then permitted the parties to further brief Defendants' motion for summary judgment in light of Plaintiff's clarification. *Id.* at 10. In his letter, Plaintiff explains that Legacy 7 is liable because (1) the scaffolding itself was defective, Plf. Ltr. at 1-3; and (2) that Legacy 7 is responsible for oversight and general safety at the worksite, *id.* at 3-4.

Both of Plaintiff's theories for liability are based on the premise that a contractor may owe a duty to a subcontractor's employee if the contractor retains control over the manner or means of the work. *See* Nov. 10 Opinion at 4-5. Turning first to Plaintiff's scaffolding theory, one way that a contractor may retain control is if the contractor provides supplies or materials to the subcontractor. *Tarabokia v. Structure Tone*, 57 A.3d 25, 32 (N.J. Super. Ct. App. Div. 2012); *see also Mavrikidis v. Petullo*, 707 A.2d 977, 985-86 (N.J. 1998) (explaining that "the reservation of

4

control over the equipment to be used, the manner or method of doing the work, or direction of the employees of the independent contractor may permit vicarious liability" but that the contractor only exercised general supervisory powers).

In the November 10 Opinion, the Court explained that if Plaintiff's theory of negligence is that the scaffolding itself was defective, then based on the evidence "Legacy 7 could potentially be liable." Nov. 10 Opinion at 10. The Court further explained that the critical question was whether Plaintiff's evidence about ownership is sufficient to create a genuine dispute of material fact. Because the parties did not address the issue, the Court provided leave for supplemental briefing. *Id.* at 10. In his supplemental opposition, however, Plaintiff relies on the same evidence as his initial opposition and argues that it is sufficient to defeat Legacy 7's motion for summary judgment. The Court disagrees.

A party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). The nonmoving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Id.* at 232; *see also In re CitX Corp., Inc.*, 448 F.3d 672, 677 (3d Cir. 2006) (explaining that a non-moving party "must present sufficient evidence to allow a reasonable jury to find in his favor"). If there is a genuine dispute over a material fact, summary judgment is not appropriate. *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).

Turning to the evidence, SSA employed Plaintiff. DSOMF ¶ 14. Saul Sutton and Anthony Scavo, Jr. co-owned SSA. Avshalumov Decl., Ex. C at 7:20-23; *Id.*, Ex. A at 10:3-13. Legacy 7 retained SSA as a subcontractor for the project, to perform carpentry, drywall, window installation,

5

and related work. DSOMF ¶ 3. Pursuant to the subcontract between Legacy 7 and SSA, SSA was required to provide all tools, materials, and equipment for its work. *Id.* ¶¶ 4, 7. Legacy 7 maintains that SSA supplied its own tools and materials at the jobsite and that Legacy 7 did not provide any tools or materials to SSA. *Id.* ¶¶ 8, 11. Moreover, former SSA employees who worked at the construction site before the accident confirmed that when they were SSA employees, SSA provided its own tools and scaffolding. Bongiovanni Decl., Ex. F at 42:1-44:12; *Id.* at Ex. G at 35:12-36:23. Finally, Plaintiff testified that at the worksite, SSA provided small scaffolding with wheels. *Id.*, Ex. E at 48:23-49:4. When Plaintiff fell, he was working on wheeled scaffolding. *Id.* at 83:1-15.

Sutton, one of the SSA co-owners, testified that pursuant to their agreement, SSA and Legacy 7 both provided scaffolding at the site. Avshalumov Decl., Ex. A at 73:21-74:10. Sutton does not know who provided the scaffolding Plaintiff was using when he fell. *Id.* at 128:5-10. Scavo, the other SSA co-owner, testified as follows:

> Q: Well, did SSA provide any scaffolding? Or all that scaffolding came from Legacy 7?
> A: *I really don't know.* There was scaffolding all over the job. There was one we had to use that Legacy provided. There were some very small ones that we might have brought. *I don't know. I don't know what was there.*
> Q: Did you hire a scaffolding company for that project, Hoboken?
> A: No, Legacy 7 did.
> Q: And do you know if SSA provided any of their own scaffolds for that project?
> A: I mean, if they did it would have been the very small type that only goes up two or three feet.
> Q: Right.
> A: Not like a little scaffold up.
> Q: Right. Not like a eight-feet scaffold?
> A: No.
> Q: Baker scaffold?
> A: No.
> Q: Nothing like that. So those were provided by Legacy 7?
> A: *Probably.*

6

>    Q: Okay.
>    A: *Or another contractor might have left them there or something.*

Avshalumov Decl., Ex. C at 23:21-25:2 (emphases added).

Viewing the evidence in a light most favorable to Plaintiff, this testimony creates a genuine dispute as to *whether SSA* provided the scaffolding. But Plaintiff fails to provide sufficient evidence to create a genuine factual dispute as to whether *Legacy 7* supplied the scaffolding. Legacy 7, SSA's former employees, Plaintiff, and Sutton do not tie Legacy 7 to the scaffolding at issue. Accordingly, Plaintiff can only rely on Scavo's testimony to demonstrate that Legacy 7 provided the scaffolding. The best evidence Plaintiff can point to from Scavo is that Legacy 7 "probably" supplied the Baker scaffold, which Scavo immediately qualified with the statement "or another contractor might have left them there or something." *Id.* at 24:23-25:2. More importantly, just prior to this testimony, Scavo admitted several times that he did not know who provided the scaffolding. Thus, viewing the evidence in a light most favorable to Plaintiff, Scavo is unsure who provided the scaffolding.[3]

Plaintiff also maintains that Defendants are liable because they were responsible for oversight and general safety at the worksite. Plf. Ltr. at 3-4. This Court already addressed this theory of liability in the November 10 Opinion. It explained that

> the evidence demonstrates that Legacy 7 performed supervisory work at the construction site, but SSA determined precisely how the assigned work should be accomplished by its employees. These

---

[3] Plaintiff maintains that who provided the scaffolding is a triable issue of fact because SSA and Legacy 7 both deny supplying the scaffolding. Plf. Supp. Opp. at 7. But even if a jury concluded that SSA did not provide the scaffolding, Plaintiff still must provide evidence that Legacy 7 provided it. And this factual dispute arises within the threshold inquiry of whether Legacy 7, as the general contractor, owed a duty to Plaintiff, a subcontractor's employee. Based on Plaintiff's argument, Legacy 7's duty would arise only if it provided supplies or materials to SSA. Consequently, the mere fact that SSA did not provide the scaffolding is not material. Plaintiff must establish that Legacy 7 supplied the scaffolding to impose liability, and Plaintiff cannot point to evidence that creates a genuine dispute of material fact as to Legacy 7 doing so.

> circumstances do not create a duty for Legacy 7 because it did not retain control over the manner or means of SSA's work. *See Tarabokia*, 57 A.3d at 32 (noting that the exception allowing a court to impose a duty based on a general contractor's retention of control over the manner and means of doing the work was not implicated); *see also Mavrikidis v. Petullo*, 707 A.2d 977, 985-86 (N.J. 1998) (explaining that "the reservation of control over the equipment to be used, the manner or method of doing the work, or direction of the employees of the independent contractor may permit vicarious liability" but that the contractor only exercised general supervisory powers).

Nov. 10 Opinion at 8-9. Plaintiff does not provide any information in its supplemental briefing to change the Court's conclusion. Plaintiff argues that "multiple supers, project managers, and site safety inspectors walked this site on a daily basis and should have observed and stopped this dangerous work from continuing." Plf. Ltr. at 3. Plaintiff also maintains that on the day of the accident, Defendants "openly observed" Plaintiff working on the unsafe scaffolding. Plf. Supp. Opp. at 14. Plaintiff, however, provides no factual evidence to support his argument and even concedes that he "*was the only one* who saw the subject scaffold that the accident occurred on." *Id.* at 4 (emphasis in original). As a result, there are no genuine disputes of material fact, and the Court will not impose a duty on Legacy 7 on these grounds.

Without a duty, Legacy 7 cannot be liable for Plaintiff's injuries. Defendants' motion for summary judgment is granted.

## IV. CONCLUSION

For the reasons stated above and in the November 10, 2022 Opinion and Order (D.E. 114), Defendants' motion for summary judgment (D.E. 103) is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: January 31, 2023

John Michael Vazquez, U.S.D.J.